FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 05, 2023

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 2:21-CV-00287-LRS <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 12, 13. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Dustin Deissner. Defendant is represented by Special Assistant United States Attorney Joseph J. Langkamer. The

ORDER - 1

Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 12, is denied and Defendant's Motion, ECF No. 13, is granted.

## JURISDICTION

Kevin H.[1] (Plaintiff) filed for disability insurance benefits and supplemental security income on October 8, 2019, alleging in both applications an onset date of December 31, 2017. Tr. 270-97. Benefits were denied initially, Tr. 210-18, and upon reconsideration, Tr. 226-39. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on February 17, 2021. Tr. 79-99. On March 8, 2021, the ALJ issued an unfavorable decision, Tr. 12-31, and the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 46 years old at the time of the hearing. Tr. 239. He has work experience as a painter and an apprentice electrician. Tr. 83-84. He has back problems, diabetes, bipolar disorder, high blood pressure, high cholesterol, PTSD,

---

[1] Plaintiff's last initial is used to protect his privacy.

ORDER - 2

depression, ADD Tr. 83-84, 86, 92-93.  Plaintiff testified that diabetes makes him tired, and he has lower back pain, sciatica, and knee pain that impact his functioning.  Tr. 86-87.  He tried a cane but it did not help.  Tr. 89.  He testified that the number one issue interfering with his ability to work is his mental state because he gets depressed.  Tr. 96.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are

ORDER - 3

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's

ORDER - 4

work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC),

ORDER - 5

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

ORDER - 6

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

A finding of "disabled" does not automatically qualify a claimant for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001.) When there is medical evidence of drug or alcohol addiction, the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). It is the claimant's burden to prove substance addiction is not a contributing factor material to disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

If drug or alcohol addiction is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).

ORDER - 7

# ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 31, 2017, the alleged onset date. Tr. 19. At step two, the ALJ found that Plaintiff has the following severe impairments: PTSD, personality disorder, bipolar disorder, depressive disorder, perception disorder, anxiety disorder, substance abuse, diabetes mellitus, left knee osteoarthritis, and lumbar degenerative disc disease. Tr. 19.

At step three, the ALJ found that with substance use, Plaintiff has an impairment or combination of impairments that meets or medically equals the severity of Listings 12.04, 12.06, and 12.08. Tr. 19. The ALJ found that if Plaintiff stopped the substance use, Plaintiff would not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 21.

The ALJ then found that, if Plaintiff stopped the substance use, Plaintiff has the residual functional capacity to perform light work with the following additional limitations:

> He can lift/carry and push/pull 10 pounds frequently and 20 pounds occasionally; he cannot climb ladders, ropes or scaffolds; he can climb stairs and ramps; he can balance fully; he can frequently crawl, kneel, crouch, and stoop; he can tolerate frequent exposure to hazards such as heights and machinery; he is able to reach, handle, finger, and feel; he is able to sit for 30 to 35 minutes before having to stand to relieve any discomfort; he can stand for 60 minutes before having to sit and rest; he is able to walk at least a 100 yards [sic] before having to stop; he can interact with coworkers but only through occasional

ORDER - 8

> conversations and interpersonal interactions; he can interact with the public but should not engage in extensive transactions or negotiations; he can understand, remember and carry out simple instructions, as well as perform simple repetitive tasks due to concentration deficits; and he should be in a low stress environment defined as few changes in the work setting.

Tr. 22.

At step four, the ALJ found that Plaintiff is unable to perform past relevant work. Tr. 25. At step five, after considering and Plaintiff's age, education, work experience, and residual functional capacity, and if Plaintiff stopped the substance use, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as small products assembler, silver wrapper, and cardboard inserter. Tr. 25-26. Thus, the ALJ concluded that substance use disorder is a contributing factor material to the determination of disability. Tr. 26. For that reason, the ALJ determined that Plaintiff has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 26.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act. ECF No. 12. Plaintiff raises the following issues for review:

ORDER - 9

1. Whether the ALJ properly considered substance use during the relevant period; and

2. Whether the ALJ properly evaluated Plaintiff's physical limitations and appropriately applied the GRID rules.

ECF No. 12 at 1-2.

## DISCUSSION

**A.  Substance Use**

*a.  Prior Determination*

The prior ALJ found that with the substance use disorder, Plaintiff was disabled. Tr. 101. The prior ALJ also found that substance use disorder was a contributing factor material to the determination of disability and, therefore, that Plaintiff was not disabled. Tr. 116-17. "The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) (citing *Lyle v. Secy of Health and Human Servs.*, 700 F.2d 566, 568 n.2 (9th Cir. 1983)). Under the doctrine of res judicata, a prior, final determination of nondisability bars relitigation of that claim through the date of the prior decision. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). Furthermore, in the Ninth Circuit, a prior, final determination of nondisability "create[s] a presumption that [the claimant] continued to be able to work after that date." *Id*.

ORDER - 10

(citation and internal quotation marks omitted).² "However, the authority to apply res judicata to the period *subsequent* to a prior determination is much more limited." *Lester*, 81 F.3d at 827 (emphasis in original). "The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability." *Chavez*, 844 F.2d at 693 (citation omitted). Examples of changed circumstances include "[a]n increase in the severity of the claimant's impairment," "a change in the claimant's age category," and a new issue raised by the claimant, "such as the existence of an impairment not considered in the previous application." *Lester*, 81 F.3d at 827-28 (citations omitted).

    b. *Current Decision*

The ALJ found the presumption of continuing nondisability "is rebutted only in a threshold sense," and considered the addition of the new severe impairment of lumbar degenerative disc disease, a change in the mental listings, and a change in

---

² Acquiescence Ruling 97-4(9) explains that *Chavez* differs from the Social Security Administration's usual interpretation of Social Security policy requiring de novo review of claims for unadjudicated periods. SSAR 97-4(9), 1997 WL 742758 (December 3, 1997). The SSA applies the *Chavez* presumption only as to claimants residing in the Ninth Circuit.

ORDER - 11

Plaintiff's age category. Tr. 16, 19. However, the ALJ also found "no evidence of deterioration in the claimant's overall functioning since the last ALJ decision, nor do I find new and material evidence regarding the impact of substance abuse on his functioning." Tr. 16. Thus, the ALJ adopted the findings of the prior ALJ regarding severe impairments (adding only lumbar degenerative disc disease), RFC, and step four. Tr. 16. The ALJ also found Plaintiff remains capable of performing the light jobs indicated by the prior ALJ at step five, although a different grid rule now applies because of a change in the age category. However, the ALJ concluded there is no change in outcome due to the application of a different age category. Tr. 16.

    c. *Substance Use*

Plaintiff argues the ALJ erred because "there is no evidence to support finding [Plaintiff] is abusing alcohol now." ECF No. 12 at 7. The claimant bears the burden of proving that substance abuse is not a contributing factor material to his disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). To meet this burden, the claimant "must provide competent evidence of a period of abstinence and medical source opinions relating to that period sufficient to establish his alcoholism is not a contributing factor material to his alleged mental impairments and disability." *Hardwick v. Astrue*, 782 F.Supp.2d 1170, 1177 (E.D.Wa. 2011) (citing *Parra*, 481 F.3d at 748-49). Here, the ALJ found no new and material evidence regarding the impact of Plaintiff's substance abuse on his impairments. Tr. 19, 23. The ALJ noted Plaintiff reported at least intermittent alcohol use throughout the current

ORDER - 12

record (citing Tr. 395, 418, 435, 454, 461, 472, 485) and that there is no clear evidence of sobriety during the relevant period. Tr. 19, 23. The ALJ observed that medical records reflect abnormal mental status exams and high GAD/PHQ scores during periods of alcohol use (citing Tr. 421, 427-29, 471-72, 485) and that Plaintiff reported the only time his depression improves is when he drinks (citing Tr. 484). Tr. 19-20. The ALJ also found Plaintiff's testimony was an attempt to downplay his drinking but that he admitted ongoing drinking to some degree. Tr. 23. As a result, the ALJ concluded there is no new and material evidence of how Plaintiff functions without substance use. Tr. 23. Thus, the ALJ adopted the prior findings of how Plaintiff functions with substance use and how he would function without substance use.

Plaintiff takes issue with the ALJ's interpretation of the evidence, arguing that "the evidence establishes that he is drinking only occasionally and in small amount" and that "he has ceased all but minimal alcohol use." ECF No. 12 at 1-2, 6. Plaintiff also asserts the ALJ "is basically finding that because [Plaintiff] admits some, minor use of Alcohol, he must be using it excessively." ECF No. 12 at 8. He argues the new and material evidence is his own testimony and medical records indicating he "is only using alcohol occasionally." ECF No. 12 at 9. However, the ALJ reasonably found there was no evidence of a significant period of abstinence to establish Plaintiff's functioning without the influence of alcohol. Tr. 23; *see Hardwick*, 782 F.Supp. 2d at 1177 (citing *Parra,* 481 F.3d at 748–49).

ORDER - 13

Plaintiff argues for another interpretation of the evidence but does not establish that the ALJ erred in fact or law in analyzing the evidence. The ALJ, not this court, is responsible for reviewing the evidence and resolving conflicts or ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989); *see also Richardson v. Perales*, 402 U.S. 389, 400 (1971). The ALJ's findings are based on substantial evidence and are a reasonable interpretation of the record.

Without citing any authority, Plaintiff also suggests the ALJ erred by noting that he was not required to conduct a new evaluation regarding the consistency of Plaintiff's complaints because it is a subordinate finding of the prior residual functional capacity finding. Tr. 23. The ALJ referenced the Social Security Administration's interpretation and application of *Chavez* noted in Acquiescence Ruling 97-4(9) and Hallex I-5-4-60, which indicates that a credibility finding is a subordinate finding to a previous RFC finding. *See* SSAR 97-4(9), 1997 WL 742758 (December 3, 1997); HALLEX I-5-4-60, 1998 WL 34083439, at *1 (December 28, 1998). Thus, the ALJ was not required to revisit the reliability of Plaintiff's symptom claims.

Regardless, the ALJ addressed the reliability of Plaintiff's symptom claims by finding that Plaintiff made inconsistent statements regarding his symptoms and limitations; has been routinely noncompliant with treatment; has declined or failed to follow through with various referrals for specialty treatment; has reported a higher level of functioning to medical providers than SSA; and his admitted

ORDER - 14

1 activities are consistent with the RFC rather than his allegations. Tr. 23-24. These
2 are all clear and convincing reasons supported by substantial evidence for finding
3 Plaintiff's symptoms claims are not fully reliable, and these reasons are not
4 addressed by Plaintiff. ECF No. 12 at 8-9; *see Tomasetti v. Astrue*, 533 F.3d 1035,
5 1039 (9th Cir. 2008) (finding ALJ "may properly rely on 'unexplained or
6 inadequately explained failure to seek treatment or to follow a prescribed course of
7 treatment'" (quoting *Smolen v. Chater*, 80 F.3d 1273. 1281 (9th Cir. 1996)); *Orn v.
8 Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) ("Our case law is clear that if a claimant
9 complains about disabling pain but fails to seek treatment, or fails to follow
10 prescribed treatment, for the pain, an ALJ may use such failure as a basis for
11 finding the complaint unjustified or exaggerated."); *Rollins v. Massanari*, 261 F.3d
12 853, 857 (9th Cir. 2001) (finding ALJ reasonably considered claimant's activities
13 which undermine claims of totally disabling pain); Social Security Ruling 16-3p,
14 2017 WL 5180304, at *5 (effective October 25, 2017) (indicating that an ALJ
15 evaluates a claimant's statements for their consistency, both internally and with
16 other information in the case record). Thus, there is no error.

17 **B.    Physical Limitations and Application of Grid Rules**

18 Plaintiff asserts the ALJ did not properly apply the Grid rules because he
19 improperly evaluated Plaintiff's physical limitations and need for a cane. ECF No.
20 12 at 2, 14.

21

ORDER - 15

The ALJ uses the RFC to perform the Grids analysis at step five. The Grids are published tables and administrative rules that can be used in certain cases to "direct[] a conclusion as to whether the individual is or is not disabled." 20 C.F.R. pt. 404, Subpt. P, app. 2 § 200.00(a). The Grids aid the ALJ in the analysis by presenting "a short-hand method for determining the availability and numbers of suitable jobs for a claimant." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114–15 (9th Cir. 2006) (citing *Tackett*, 180 F.3d at 1101). The Grids include three separate tables representing the maximum sustained exertional work capacity in each category of sedentary, light, and medium work. *Id*. A claimant's place on the applicable table depends on a matrix of four factors: a claimant's age, education, previous work experience, and physical ability. *Id*. "For each combination of these factors, [the Grids] direct a finding of either 'disabled' or 'not disabled' based on the number of jobs in the national economy in that category of physical-exertional requirements." *Id*.

Plaintiff argues the ALJ did not apply the proper Grid rule based on turning age 50. ECF No. 12 at 15. However, the ALJ acknowledged that Plaintiff's age category had changed since the prior decision and applied a different Grid rule. Tr. 25. The ALJ found that based on all factors, the Grids dictate the same outcome. Tr. 25; *see* 20 C.F.R. pt. 404, Subpt. P, app. 2 §§ 202.11, 202.18. Thus, the ALJ reasonably adopted the finding of the prior ALJ that, without the substance use and after considering Plaintiff's age, education, work experience, and RFC, Plaintiff is

ORDER - 16

capable of performing jobs available in significant numbers in the national economy. Tr. 25-26.

Plaintiff also suggests that he is more disabled than the ALJ found based on the opinion of James Gaddy, M.D. In January 2020, James Gaddy, M.D., examined Plaintiff and found that Plaintiff could stand/walk at least four hours; sit at least six hours; lift/carry 20 pounds occasionally and 10 pounds frequently; had postural limitations of climbing and crawling only occasionally but not limitation on balancing, stooping, kneeling, or crouching. Dr. Gaddy assessed no manipulative or environmental limitations. Tr. 457. The limitations assessed were due to loss of motion in the LS-spine, and Dr. Gaddy indicated that Plaintiff "uses a cane which is medically necessary for long distances, on uneven terrain." Tr. 457.

First, Plaintiff misstates Dr. Gaddy's opinion as limiting him to lifting no more than 10 pounds. ECF No. 12 at 14. Dr. Gaddy opined that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, which the ALJ noted to be consistent with both the prior ALJ decision and light work. Tr. 24; *see* 20 C.F.R. §§ 404.1567(b), 416.967(b) (defining "light work"). Second, the ALJ addressed Dr. Gaddy's opinion, finding it "partially persuasive" since it is "generally consistent with the prior ALJ decision and the longitudinal record." Tr. 24; *see* 20 C.F.R. §§ 404.1520c, 416.920c (describing consideration of medical opinions). Although Plaintiff suggests Dr. Gaddy's opinion supports an additional limitation for use of a cane, ECF No. 12 at 14-15, the ALJ found Dr. Gaddy's statement that Plaintiff needs

ORDER - 17

a cane is "entirely unfounded" because Dr. Gaddy's exam noted Plaintiff ambulated normally without a cane, Tr. 456, and because there is no mention of a cane in any treatment notes or elsewhere in the record. Tr. 23, 24. The ALJ's findings are supported by substantial evidence and are based on a reasonable interpretation of the record.

The ALJ also rejected the limitation of occasional climbing and crawling based on loss of motion in the lower spine assessed by Dr. Gaddy, noting that Plaintiff has sought very little treatment for his lower spine condition. Tr. 23-24, 482, 488. The ALJ observed that while Plaintiff's lumbar degenerative disc disease is a new severe impairment, it is not a new condition, just better established in the record, and it does not decrease the RFC or reflect new and material evidence of deterioration. Tr. 23, 25. The ALJ noted Plaintiff's MRI shows only mild to moderate changes, Tr. 452, 495-97, his physical exams are unremarkable, (Tr. 403, 407, 415, 419, 422, 432, 436, 471, 485, 488, 494), and his ability to play golf, do yard work, and walk two miles a day (Tr. 396, 427, 435-36, 475, 488, 507) is consistent with a light RFC. Tr. 23-25. These findings constitute substantial evidence supporting the ALJ's conclusions.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly,

ORDER - 18

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** May 5, 2023.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 19